The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except modifications made to Conclusion of Law No. 2, and Award No. 2 and 4.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The sole issue for determination is what compensation is plaintiff entitled to receive after 18 September 1991 as a result of her occupational disease, bilateral carpal tunnel syndrome?
2. A Report of Vocational Evaluation prepared by Dr. Baldwin on 5 June 1995 is admitted into evidence.
3. Twenty-five pages of plaintiff's medical records relating to plaintiff's brain condition are admitted into evidence.
4. Six pages of plaintiff's medical records relating to her carpal tunnel syndrome are admitted into evidence.
EVIDENTIARY RULINGS
The objections appearing in the depositions of Dr. Baldwin and Ms. Soper and the forty objections raised by plaintiff after the deposition of Ms. Soper are OVERRULED.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was forty-four years old, married and the mother of three children. Plaintiff had lived the majority of her life in Raleigh, North Carolina. Plaintiff completed the eighth grade. She later unsuccessfully attempted to obtain a GED. Plaintiff had no additional education or vocational training. Prior to beginning her employment with defendant, plaintiff worked as a cook's helper.
2. For her age group, plaintiff's reading, spelling and arithmetic abilities were in the second, fifth and eighth percentiles, respectively. Her employment history consisted entirely of unskilled, food preparation work.
3. After her bilateral carpal tunnel releases in 1991, plaintiff returned to work for defendant in her previous position on 19 September 1991. Due to continued pain, swelling and numbness in her wrists, plaintiff's attempt to return to work was unsuccessful. Plaintiff last worked for defendant on 27 September 1991.
4. Since 27 September 1991, plaintiff has been unable to perform any work involving repetitive hand movements or lifting of greater than fifteen pounds occasionally, or ten pounds frequently. As a result of her inability to lift greater than ten pounds frequently, plaintiff was incapable of earning wages in any employment requiring physical exertion greater than the exertion required to perform sedentary employment.
5. Plaintiff desired to return to work for defendant in a position suitable to her physical limitations. She was willing to participate in vocational rehabilitation designed to retrain her for employment suitable to her physical condition.
6. Defendant has not offered plaintiff employment that does not require repetitive hand movements or lifting of weights in excess of ten pounds. Defendant has not provided plaintiff with any vocational rehabilitation.
7. Dr. Edwards continued treating plaintiff for her carpal tunnel syndrome through 1993. Physical therapy prescribed by Dr. Edwards failed to improve her hand strength or reduce her pain and numbness.
8. During 1993, plaintiff began to experience dizziness, loss of balance and facial spasms. These conditions were caused by brain lesions which were unrelated to plaintiff's carpal tunnel syndrome.
9. In November 1995, Ms. Holly Soper, a vocational rehabilitation counselor, interviewed plaintiff and reviewed her medical records to obtain information she deemed relevant to determining plaintiff's ability to perform and obtain alternative employment. Following her initial assessment, Ms. Soper performed a labor market survey. Based upon her survey, Ms. Soper identified nine positions recognized in the Dictionary ofOccupational Titles that she believed that plaintiff was capable of performing and that she could have obtained after 27 September 1991.
10. Due to her carpal tunnel syndrome, her limited work experience and her lack of education and vocational training, plaintiff was incapable of performing or obtaining any of the nine positions identified by Ms. Soper. Plaintiff's inability to perform or obtain these positions was not caused by the conditions resulting from her brain lesions.
11. Plaintiff has not sought alternative employment since 27 September 1991. However, had plaintiff attempted to obtain employment in the competitive labor market, her efforts would have been futile due to her bilateral carpal tunnel syndrome, limited work experience and lack of education and vocational training.
12. Plaintiff would benefit from additional education or vocational training designed to teach her skills suitable to employment that is sedentary and does not involve repetitive hand movements.
13. As a result of her carpal tunnel syndrome, plaintiff was incapable of earning wages from defendant or any other employer from 28 September 1991 and continuing through the date of the hearing before the undersigned.
14. Plaintiff's fee agreement with the law firm of Lore and McClearen provides that plaintiff's counsel shall receive thirty-three percent of any compensation awarded plaintiff after an evidentiary hearing before a deputy commissioner of the Industrial Commission. Considering the complexity of this case, the result obtained and the usual and customary attorney's fee received by attorneys representing claimants before the Industrial Commission, the fee requested by plaintiff's counsel is unreasonable.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of her occupational disease, plaintiff is entitled to temporary total disability compensation at the rate of $203.70 per week from 28 September 1991 and continuing until further order of the Industrial Commission allowing defendant to cease payment of temporary total disability compensation. N.C. Gen. Stat. § 97-29; Little v. Food Service,295 N.C. 527, 246 S.E.2d 743 (1978).
2. Plaintiff is entitled to compensation at the rate of $203.70 per week for twenty-two and three-sevenths weeks for the temporary total disability she sustained as a result of this occupational disease from December 14 to 20, 1990, from April 9 to August 21, 1991 and from September 4 to 18, 1991. N.C.G.S. § 97-29.
3. Plaintiff is entitled to payment of all medical expenses incurred as a result of her carpal tunnel syndrome for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen her period of disability. N.C. Gen. Stat. § 97-2(19); N.C. Gen. Stat. § 97-25.
4. Plaintiff's fee agreement with the law firm of Lore and McLearen is unreasonable. N.C. Gen. Stat. § 97-90.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff temporary total disability compensation at the rate of $203.70 per week from 28 September 1991 and continuing until further order of the Industrial Commission allowing defendant to cease payment of temporary total disability compensation. To the extent that the compensation due plaintiff has accrued, it shall be paid in a lump sum, subject to the attorney's fee approved for plaintiff's attorney in paragraph 4 of this Award.
2. Plaintiff is entitled to compensation at the rate of $203.70 per week for twenty-two and three-sevenths weeks for the temporary total disability she sustained as a result of this occupational disease from December 14 to 20, 1990, from April 9 to August 21, 1991 and from September 4 to 18, 1991.
3. Defendant shall pay all medical expenses incurred by plaintiff as a result of her carpal tunnel syndrome for so long as such examinations, evaluations and treatments tend to effect a cure, give relief or will tend to lessen her period of disability.
4. Plaintiff's fee agreement with her attorney is unreasonable and the same is hereby SET ASIDE. A reasonable attorney's fee of twenty-five percent of the compensation due to plaintiff is approved for plaintiff's attorney and shall be paid as follows: twenty-five percent of the lump sum due to plaintiff shall be deducted from that amount and paid directly to plaintiff's attorney. Thereafter, plaintiff's attorney shall receive every fourth compensation check. In addition of the accrued amount due plaintiff, an attorney fee in the amount of $2,000.00 shall be paid directly to plaintiff's counsel for appellate work.
5. Defendant shall pay the costs, including expert witness fees of $200.00 and $300.00 for Dr. Baldwin and Ms. Soper, respectively.
FOR THE FULL COMMISSION
 S/ __________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 10/28/96